IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERVIN GRICE<br>2149 Valley View Drive<br>Folcroft, PA 19032 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | NO. |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK) | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

1.     The plaintiff herein is Ervin Grice, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 2149 Valley View Drive, Folcroft, Pennsylvania 19032.

2.     This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.     The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4.     At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5.      At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6.      At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.  At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a trackman and a welder.

8.      All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9.      As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; was unable to attend to his usual duties and occupation for a period of several weeks and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10.     The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11.    On or about Thursday, June 5, 2025 at approximately 1:00 p.m., plaintiff and a work gang were assigned to perform rail replacement, clipping and welding work on Amtrak rail near Bell Air, Maryland on a track which was supposed to be out of service and not energized.

12.    Plaintiff was utilizing a straight metal edge on top of the rail of the track in order to make sure that the rail joints were flush.

13.    As the plaintiff was working, an Amtrak train came through an adjacent track and the track on which the plaintiff was working became energized.

14.    Upon information and belief, the track upon which the plaintiff was working was not previously and properly de-energized by other Amtrak workers that may have been removing components from the track.

15.    As the subject track became energized, the plaintiff received a significant electrical shock causing him to sustain injury ultimately fall to the ground sustaining additional severe and permanent injuries described below.

16.    As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including, but not limited to, failing to provide a safe workplace as required by the Federal Employers' Liability Act, failing to ensure that the subject track and rail were properly de-energized, failing to properly inspect the subject rail prior to the assignment of work to make sure that the track and rail were de-energized, failing to properly supervise the worksite to make sure that the track could not become electrified, failing to prepare and implement a Job Safety Analysis for the assigned task; and failing to warn the plaintiff of the aforementioned dangerous conditions, the plaintiff sustained the injuries described below.

17.    The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees as well as by the defendant's violation of the Federal

3

Employers' Liability Act and violation of federal statutes and/or regulations pertaining to the subject trackwork and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

18.     As a result of the aforesaid incident, the plaintiff sustained serious and permanent injuries to his body including, but not limited to, cardiac injury, electrocution injury with resulting nerve damage, numbness and nerve injury to the left arm, left elbow and left hand, ulnar nerve entrapment, acute denervation of the left upper arm and left lateral epicondylitis. Some or all of the plaintiff's injuries may be permanent in nature and may require surgical intervention and the full extent of the plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

Date: April 14, 2026          By:_____

MICHAEL J. OLLEY, ESQUIRE
Atty. I.D. No.: 56118
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone:  610-668-9800
Fax:  610-667-3352
Attorney for Plaintiff Ervin Grice

4